IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
OCT 28 2016
RICK WARREN
COURT CLERK

| | | |
|---|---|---|
| COURTNEY DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **CJ-2016-5585** |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW the Plaintiff Courtney Dillon and for her causes of action against the Defendant State Farm Mutual Automobile Insurance Company, hereinafter "State Farm", alleges and states:

1. State Farm does insurance business in Oklahoma County.

2. A motor vehicle accident between Plaintiff and an underinsured driver happened on May 28, 2015, in Oklahoma City, Oklahoma, Oklahoma County.

3. Plaintiff sustained damages in Oklahoma County; therefore venue is proper in Oklahoma County.

4. Plaintiff was insured under at least two policies of insurance, Policy Number 3503680 & 350367936A, (hereinafter collectively referenced as "Policy") issued by State Farm. Said Policy provided for medical payments coverage and underinsured motorist coverage.

## FACTUAL BACKGROUND

5. Plaintiff was involved in a motor vehicle accident with underinsured driver Devitt on May 28, 2015, in Oklahoma City, Oklahoma, Oklahoma County.

6. Devitt's negligence was the direct and proximate cause of the collision.

7. The collision was the direct and proximate cause of permanent injuries Plaintiff suffered.

8. At the time of subject accident, Plaintiff possessed at least one Policy with State Farm which provided for medical payments benefits and underinsured motorist coverage.

9. Plaintiff timely filed a claim with State Farm for the medical payments benefits under the Policy along with a claim for underinsured motorist benefits.

## FIRST CAUSE OF ACTION
### Breach of Contract by State Farm

10. Plaintiff restates and re-alleges Paragraphs 1 through 9 of this Petition and in addition, states as follows:

11. By the terms of the Policy, State Farm agreed to compensate Plaintiff pursuant to the medical payments and underinsured motorist portions of the Policy.

12. Plaintiff has complied with all terms and conditions of the Policy with State Farm.

13. State Farm paid Plaintiff's claims for medical payments benefits on or around April 7, 2016.

14. State Farm subsequently contacted Plaintiff's counsel and advised that it intended to seek credit of the medical payments coverage against the amount paid in Plaintiff's underinsured motorist benefits claim.

15. State Farm breached its contract with Plaintiff when it failed to pay her claim for underinsured motorist benefits knowing she was entitled to the underinsured motorist benefits.

16. State Farm's actions to seek a set off for medical payments made on behalf of a named insured are in direct violation of Oklahoma law and amount to a breach of contract with Plaintiff pursuant to Oklahoma Statute Title 36, Section 6092.

17. As a result of State Farm's breach of contract described above, Plaintiff has suffered injuries and damages, including incidental and consequential damages.

## SECOND CAUSE OF ACTION
### Bad Faith by State Farm

18. Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 17, as if fully set forth herein.

19. State Farm violated its duty of good faith and fair dealing by unreasonably and in bad faith asserting a right to set off against the underinsured motorist benefits direct violation of Oklahoma law.

20. State Farm violated its duty of good faith and fair dealing by negligently supervising this loss.

21. State Farm violated its duty of good faith and fair dealing by failing to educate its adjusters regarding long standing Oklahoma law regarding set offs and medical payments issued to named insureds.

22. State Farm violated its duty of good faith and fair dealing by unreasonably and in bad faith failing to perform a proper investigation and by failing to evaluate the results of its investigation properly.

23. State Farm violated its duty of good faith and fair dealing when it had no reasonable basis to delay payment of the claims.

24. Pursuant to the aforementioned facts, Plaintiff alleges that State Farm's corporate goal is to increase its profits by unlawfully reducing payments of valid claims made pursuant to policy provisions.

25. That as a result of State Farm's breach of its duty of good faith and fair dealing, Plaintiff suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish and financial distress.

26. The bad faith conduct of State Farm is reckless, intentional and/or malicious and was perpetrated to deprive the Plaintiff of her right to a fair recovery against the tortfeasor. State Farm's conduct reflects both a reckless and callous disregard for the health and welfare of the Plaintiff and thus warrants the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant State Farm as follows:

(A) For medical bills;

(B) For future medical expenses;

(C) For pre judgment and post judgment interest;

(D) Costs of suit;

(E) Pain and suffering;

(F) Punitive damages;

(G) Attorney fees;

(H) For such other relief as this Court may deem just and proper;

(I) Other damages to be set forth after discovery; all of which are in excess of the amount required for diversity jurisdiction pursuant to 28 USC § 1332.

RESPECTFULLY SUBMITTED,

WEST ♦YLLA♦ GOSNEY,

*[signature]*

Robert N. Ylla, Jr., OBA #17730
Sabre N. Weathers, OBA #30938
8 S.W. 89th Street, Suite 200
Oklahoma City, OK 73139
(405) 378-8132 Phone
(405) 378-0711 Fax
rylla@wyglawfirm.com Email
Attorneys for Plaintiff

Attorney's Lien Claimed